JUDGE ELLIOTT
delivered the opinion op the court.
On an indictment found and reported by the grand jury of *262 the Harrison Criminal Court, the appellant was fined $75 and ten days’ imprisonment for assaulting, with a knife, a Mr. Blevins.
On the trial of the cause Blevins proved that he had been attacked and abused by Joshua Field, and that while Field was abusing him appellant Laughlin jumped from his horse, j,nd, pursuing him some distance, cut him in the back with a knife, and that Field threw rocks, and a man by .the name of Giles threw clubs at him.
Field and Giles were indicted jointly with appellant, and were tried with him.
After the Commonwealth had closed its evidence the appellant offered to prove, by his co-defendant Field, that Blevins, the most important witness for the state, brought on the quarrel by his personal abuse of Field, and that when he approached appellant and Field he ran his hand in his pocket, as though in search of a weapon, and that while quarreling with Field he kept his hand in his pocket. He also offered to prove by Field that he had not said in the presence of Franklin, who so proved, that he went for Blevins’s kidneys or aimed to go fbr his kidneys during the difficulty.
The Commonwealth’s objection to the admission of this evidence was sustained, and the evidence x-efused, and of this ruling the appellant complains.
The first section of the Criminal Code reads as follows: “ The provisions of this act shall regulate the proceedings in all prosecutions and penal actions in all the courts of this Commonwealth, from and after the 1st day of January, 1877, and ■ shall be known as The Code of Practice in Criminal Cases.”
By section -234 it is provided that “ If two or more persons be jointly indicted for the same offense, each shall be a competent witness for the others, unless the indictment charge a conspiracy between them.”
*263 As there was no conspiracy charged in the indictment in this case, we are of opinion that Field was a legal witness for the appellant at the time of the trial of this cause, although he was not a legal witness at the time the indictment was found by the grand jury, prior to January 1, 1877.
This was a penal proceeding, and tried after the 1st' day of January, 1877, and was therefore regulated by the provisions of the New Criminal Code. It will be seen that by virtue of section 234 of the Criminal Code the admissibility of the evidence of a defendant for his co-defendant does not depend upon when the indictment was found, but upon whether the complaint charges a conspiracy between the indicted parties.
By section 353 of the Criminal Code it is provided that “ The judgment shall be reversed for any errors of law apparent on the record to the prejudice of the appellant.”
We are of opinion that the facts which appellant offered to prove by Field were material, and that the court erred in its rejection of the evidence.
Wherefore the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.